lee, elmer edward v. state 






                     NO. 12-05-00083-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


DONNIE RAY TISBY, JR.,                               §     APPEAL FROM THE 3RD
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §     ANDERSON COUNTY, TEXAS





MEMORANDUM OPINION
PER CURIAM
            This appeal is being dismissed for want of jurisdiction. Appellant was convicted of the
offense of evading arrest or detention with a vehicle, and sentence was imposed in open court on
November 19, 2004. Thereafter, Appellant timely filed a motion for new trial. Texas Rule of
Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within
thirty days after the day sentence is imposed or suspended in open court unless a motion for new trial
is timely filed. Where a timely motion for new trial has been filed, notice of appeal shall be filed
within ninety days after the sentence is imposed or suspended in open court. Id. Since Appellant
timely filed a motion for new trial, his notice of appeal was due to have been filed on or before
February 17, 2005. However, Appellant did not file his notice of appeal until February 24, 2005. 
Moreover, Appellant did not file a timely motion for extension of time to file his notice of appeal
as authorized by Texas Rule of Appellate Procedure 26.3.
             On March 1, 2005, this Court notified Appellant, pursuant to rules of appellate procedure
26.2 and 37.2, that the docketing statement did not show the jurisdiction of this Court, and it gave
him until March 11, 2005 to correct the defect. On March 10, 2005, Appellant filed a motion to file
late notice of appeal. Because his motion was untimely, we overrule the motion. See Olivo v. State
918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (both notice of appeal and motion for extension of
time must have been filed within the 15-day extension period of rule 26.3).
            This Court has no authority to allow the late filing of a notice of appeal except as provided
by Rule 26.3. See Slaton v. State, 981 S.W.2d 208 (Tex. Crim. App. 1998). The appropriate vehicle
for seeking an out-of-time appeal is by writ of habeas corpus from the Texas Code of Criminal
Appeals. Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2004-05). Consequently, the
appeal is dismissed for want of jurisdiction. See Tex. R. App. P. 25.2(b), 43.2(f).
Opinion delivered March 16, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.
















(DO NOT PUBLISH)